**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TYWON KNIGHT,                                     )
                                                  )
                            Petitioner,           )        Case No. 07 C 6098
            v.                                    )
                                                  )        Judge Joan B. Gottschall
KEN BARTLEY,                                      )
                                                  )
                            Respondent.           )

## MEMORANDUM OPINION AND ORDER

Before the court is petitioner Tywon Knight's motion to stay and abate these proceedings

while he exhausts his state post-conviction remedies and respondent Yolande Johnson's motion

to dismiss the case.[1]

### I.  BACKGROUND

In 1998, petitioner Tywon Knight was convicted by a jury in Cook County, Illinois of

first degree murder, aggravated vehicular hijacking, and aggravated kidnapping.  The judge

sentenced Knight to 100 years on the murder charge and consecutive terms of thirty and fifteen

years on the other charges.  Knight appealed the conviction and sentence.

The procedural history becomes a bit complicated at this point because, while the direct

appeal was pending in February 2002, Knight filed for state post-conviction relief.  The post-

conviction petition was dismissed by the trial court and appealed by Knight.  In February 2003,

the state appellate court dismissed Knight's post-conviction appeal.

Meanwhile, the state appellate court issued its decision on Knight's direct appeal in May

2002, affirming the convictions but remanding the case for resentencing.  Both Knight and the

state filed petitions for leave to appeal ("PLAs") with the Illinois Supreme Court, seeking review

---

[1]        Knight has also filed a motion to supplement his response to respondent's motion.  The motion to
supplement is granted.

of the appellate court's decision.  Knight's PLA was denied in October 2002, and he filed a petition for certiorari with the United States Supreme Court.  Certiorari was denied in May 2003.  In June 2003, the Illinois Supreme Court also denied the state's PLA, but it directed the appellate court to vacate and reconsider its earlier disposition in light of recent decisions.

The state appellate court issued a new decision in October 2003.  Again, the court affirmed Knight's convictions.  This time, it also affirmed the 100 year sentence, but it still ordered the case remanded for the circuit court to determine whether Knight should be sentenced for both the hijacking and kidnapping charges and whether the terms of imprisonment should be served concurrently or consecutively.  Knight did not immediately appeal the October 2003 decision, and he was resentenced on December 18, 2003.  Knight did not appeal the new sentence.

In November 2006, Knight filed a second state post-conviction petition, which was denied in February 2007.  In March 2007, he also filed a PLA with the Illinois Supreme Court seeking to challenge the October 2003 state appellate court decision.  The Illinois Supreme Court treated the petition as a motion for permission to file a late PLA, and it denied Knight's request.

On October 29, 2007, while Knight's second state post-conviction petition was pending, he filed the present action, a federal habeas corpus petition under 28 U.S.C. § 2254.  His petition raised a number of claims: (A) that his sentence violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (B) that the trial court erred in refusing several jury instructions, (C) that the trial court improperly limited defense counsel's argument, and (D) that Knight's appellate counsel provided ineffective assistance.  Knight asked the court to stay the case pending the conclusion of the state proceedings, but the court instead dismissed the case with instructions to

file a motion for reinstatement within thirty days of the termination of the state proceedings. (Doc. 8.)

Knight filed a *third* state post-conviction petition in May 2009 raising a new claim: that the sixty-year sentence imposed on Knight's codefendant, who had been retried and resentenced, created an unconstitutional disparity between the two defendants. Knight's *second* state post-conviction case ended on January 27, 2010, and, on March 1, 2010, Knight filed a motion to both reinstate and stay this case pending the disposition of the third state post-conviction proceeding. (Doc. 11.) Along with his motion, Knight filed an amended habeas petition which includes the sentencing disparity claim.

On March 18, 2010, the court reinstated the case but ordered the state to respond to the request for a stay. (Doc. 14.) The state has asked the court to reject the stay and has moved to dismiss the case on the grounds that Knight's original petition is time-barred and that the new claim is meritless.

## II. ANALYSIS

The habeas corpus statute provides for a one-year period of limitation which runs "from the latest of:"

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Knight's conviction became final under § 2244(d)(1)(A) after his resentencing on December 18, 2003. State rules allow for thirty days to file a notice of appeal. Ill. Sup. Ct. R. 606(b). Because Knight did not appeal within the thirty days, the judgment became final for the purposes of the federal habeas statute on January 19, 2004. Knight does not argue that § 2244(d)(1)(B)-(D) apply to the claims in his original federal petition, so the statute of limitations began to run for those claims on January 19, 2004.

Section 2244 also provides for the limitation period to be tolled during the pendency of state post-conviction review. 28 U.S.C. § 2244(d)(2). Knight's first state post-conviction petition was dismissed because, at the time, his direct appeal was still working its way through the Illinois courts. Knight did not file a second post-conviction petition until November 2006. The initiation of state collateral review does not reset the federal limitations clock, *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009), and Knight's time ran out while he delayed in filing for post-conviction relief.

Knight argues that, nevertheless, the limitation period should be tolled because extraordinary circumstances prevented him from seeking review for close to three years, despite his diligence in pursuing relief. Until recently, it was an open question in this circuit whether equitable tolling applied to the habeas corpus statute. *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). The Supreme Court has since provided the answer, holding in *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010), that equitable tolling can apply in a habeas proceeding. However, it has long been clear that, to apply the equitable tolling doctrine, a petitioner would

have to show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

According to Knight, the following facts justify tolling in this case:

- Knight's belongings, including legal documents, were put into storage at Menard Correctional Center when Knight was transferred to Cook County Jail in November 2002. Knight spent a year in Cook County awaiting resentencing. For part of that time, he was prevented from having access to the law library.

- In November 2003, Knight was transferred to Stateville Correctional Center. Knight was unable to use the library, to have access to most of his personal possessions, or to make phone calls for several weeks.

- Knight was moved back to Cook County shortly before his resentencing where his movement was completely restricted.

- At the resentencing, the trial court instructed Knight's appointed counsel to file a notice of appeal, but the attorney never did so.

- After resentencing, Knight was moved back to Stateville. Until January 19, 2004, he was prohibited from having his legal documents or visiting the law library.[2]

- Knight was placed in a new unit where his movement was restricted for ninety days. He attempted to obtain his legal documents and get on the waiting list for the law library.

- In March 2004, Knight sent a notice of appeal to the Illinois appellate court, but the notice was returned as sent to the wrong court.[3]

- Knight sent numerous requests to visit the law library, but, before the requests were granted, his unit was placed on lockdown for several months. Later on, the law library was closed completely for a period of time while officials investigated the prisoners working at the library. Other than a brief visit to the library in early 2004, Knight was never able to access the Stateville law library.

---

[2]     Although Knight lists the preceding points as factual support for equitable tolling, the court has already noted that the limitations clock did not begin to run until January 2004, so any restrictions he faced while awaiting resentencing are irrelevant for tolling purposes

[3]     It appears from the records attached to Knight's response to the motion to dismiss that Knight attempted belatedly to appeal the state appellate court's October 2003 ruling. A letter from the clerk of the appellate court explained that Knight would need to file a motion with the Illinois Supreme Court seeking permission to file a late PLA. As far as the court can ascertain, Knight did not attempt to file a late PLA until March 2007.

- In July 2004, Knight was transferred to Tamms Correctional Center where he was placed in a high-security wing. Prison officials told him that most of his personal belongings had been lost in the transfer from Stateville to Tamms.

- Knight wrote to the trial court, appellate court, and Illinois Supreme Court asking that any legal documents relating to his case be sent to him. In August or September 2005, the appellate court sent some documents, and Knight "immediately began his attempt at piecing together his post conviction issues."

- He continued to press prison officials to return his other legal documents, and in March or April of 2006, Tamms officials recovered a box of Knight's belongings. After conducting legal research and using his returned legal documents, Knight filed a pro se state post-conviction petition in November 2006.

Even if the court were to accept as true all of Knight's representations, this series of events would not be sufficient to permit equitable tolling. None of the circumstances that prevented Knight from filing a federal habeas petition over several years are particularly extraordinary. Respondent cites case after case, from this circuit and others, where courts have rejected the application of equitable tolling for a petitioner contending that limited access to a law library or to court records or other prison restrictions stood in the way of a timely filing. *See, e.g., Lloyd v. VanNatta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (holding that lack of access to trial transcript does not warrant equitable tolling and collecting cases); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (refusing to apply equitable tolling because of limited access to law library and other restrictions). Restrictions on a prisoner's activities are, unfortunately, a perfectly ordinary incident of prison life, and they cannot excuse years of delay in seeking relief. Equitable tolling cannot be applied in this case, and the court concludes that Knight's original claims must be dismissed as time-barred.[4]

Knight's sentencing disparity claim potentially avoids the statute of limitations problem because no disparity existed before Knight's codefendant was resentenced. *See* 28 U.S.C. §

---

[4] The fact that Knight's attorney neglected to appeal the October 2003 appellate court decision could not be a basis for equitable tolling. Simple attorney negligence is not sufficient to toll the statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).

2244(d)(1)(D) (delaying start of limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). However, Knight faces a different barrier in pursuing his new claim. The Seventh Circuit has already rejected the argument that disparate sentencing of similarly situated codefendants violates any constitutional right. *Dellinger v. Bowen*, 301 F.3d 758, 767-68 (7th Cir. 2002). The court cannot grant Knight a stay of this proceeding while he exhausts the new claim on state collateral review because the court "would abuse its discretion if it granted a stay when the unexhausted claims are plainly [constitutionally] meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Pusuant to 28 U.S.C. § 2253 and Rule 11(a) of the Rules Governing Section 2254 Cases, the court declines to grant petitioner a certificate of appealability. A COA must only issue when reasonable jurists could debate whether the petition should have been resolved differently. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). There is no reasonable argument that Knight's petition is timely or that the sentencing disparity claim is cognizable.

### III. CONCLUSION

For the reasons stated above, respondent's motion to dismiss is granted, and Knight's petition is dismissed in its entirety. Knight's motion to stay the proceeding is denied. The court declines to grant Knight a certificate of appealability.


ENTER:


_____/s/_____

JOAN B. GOTTSCHALL
United States District Judge


DATED: March 4, 2011